IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § § § § § § § § | |
| Plaintiff, | | CIVIL ACTION NO. |
| v. | | |
| LION ELASTOMERS, LLC | | JURY DEMAND |
| Defendant. | | |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 *as amended* ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Allen Duhon and a class of similarly aggrieved individuals. As alleged with greater particularity below, Defendant Lion Elastomers, LLC ("Defendant"), unlawfully refused to employ Mr. Duhon and other similarly situated aggrieved individuals because it regarded them as being disabled. Additionally, Defendant violated record-keeping regulations by failing to retain hiring-related records.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action is authorized and instituted pursuant to the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction and in the venue of the United States District Court for the Eastern District of Texas, Beaumont Division.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant is a Delaware limited liability company doing business at all relevant times in the State of Texas and in the city of Port Neches. Its registered agent for service of process is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. At all relevant times, Defendant has been a covered entity under the ADA, 42 U.S.C. § 12111(2).

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce with at least fifteen employees under the ADA, 42 U.S.C.§ 12111(5) and (7).

## ADMINISTRATIVE PROCEDURES

7. More than 30 days prior to the institution of this action, Allen Duhon filed a charge of discrimination with the Commission alleging violations of the ADA by Defendant.

8. On or about June 10, 2020, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe Defendant violated the ADA and inviting it to

join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. Thereafter, the Commission engaged in communications with Defendant to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. On or about September 11, 2020, the Commission issued to Defendant a Notice of Conciliation Failure informing it that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this action have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least December 2014, Defendant has engaged in unlawful employment practices in violation of the ADA, 42 U.S.C. § 12112(a) and (b).

13. Since purchasing its Port Neches manufacturing plant, Defendant maintained a policy under which it would rescind Packing Operator/Materials Handler job offers made to any person it determined to have a "class V back."

14. Mr. Duhon is a qualified individual with a disability under the ADA, 42 U.S.C. § 12102 and § 12111(8).

    a. Mr. Duhon met the requisite skill, experience, education, and other job-related requirements for Defendant's Packing Operator position.

    b. Mr. Duhon could perform the essential functions of the Packing Operator position without accommodation.

    c. Defendant regarded Mr. Duhon as disabled within the meaning of the ADA, 42 U.S.C. § 12102(1)(C), specifically because it disqualified him from employment for having a back impairment under its "class V back" exclusionary policy.

15. Defendant refused to employ Mr. Duhon because of a perceived back impairment.

   a. On or around September 2017, Mr. Duhon applied for a Packing Operator job at Defendant's Port Neches plant.

   b. On September 21, 2017, Defendant offered Mr. Duhon the Packing Operator job contingent on successfully completing a pre-employment physical examination.

   c. On September 21, 2017, Mr. Duhon accepted the job offer.

   d. On or about September 21, 2017, Mr. Duhon underwent Defendant's pre-employment physical examination which consisted of several medical/physical tests.

   e. Mr. Duhon successfully completed the various medical/physical tests conducted during the pre-employment examination which included a "fit for duty screen" which measured his "physical demand capacity" as "heavy" and concluded he "WAS ABLE to meet the physical requirements and essential functions [of the job]."

   f. In addition to these tests, an x-ray of Mr. Duhon's lumbar spine was taken. Based on this x-ray, Defendant's contracted radiologist determined Mr. Duhon had a "class V" back.

   g. On or about September 27, 2017, Defendant determined "Allen Duhon has a class V lumbar… Not medically cleared" for the Packing Operator position. Defendant rescinded its job offer to Mr. Duhon.

16. Defendant refused to employ other individuals due to perceived back impairments. Defendant similarly extended conditional Packing Operator/Materials Handler job offers to other individuals who met the requisite skill, experience, education, and job-related requirements of the position and could perform the essential functions of the job without reasonable accommodation.

Following a pre-employment physical examination of these individuals, Defendant withdrew their job offers after assessing them as having a class V back under its policy.

17. Since 2018, Defendant has failed, in violation of 29 C.F.R. § 1602.14, to maintain personnel records, including application forms submitted by applicants seeking Packing Operator/Materials Handler jobs as well as other records having to do with hiring and termination.

18. The effect of Defendant's unlawful employment practices complained of above has been to deprive Mr. Duhon and similarly situated aggrieved individuals of equal employment opportunities and otherwise adversely affect their status as employees because of disability in violation of the ADA.

19. The unlawful employment practices complained of above were intentional.

20. Defendant acted with malice and/or reckless indifference to the federally protected rights of Mr. Duhon and similarly situated aggrieved individuals when it engaged in the unlawful employment practices complained of above.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against applicants and employees on the basis of disability by: rescinding job offers because of disability, discharging persons because of disability, and enforcing any policy that excludes from employment persons found to have a "class V back."

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make Mr. Duhon and other similarly situated aggrieved individuals whole by providing appropriate backpay with prejudgment interest, and other economic damages in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement or front pay.

D.  Order Defendant to make Mr. Duhon and similarly situated aggrieved individuals whole by providing them compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.  Order Defendant to make Mr. Duhon and similarly situated aggrieved individuals whole by providing them compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial.

G.  Order Defendant to post and keep posted the notices required by the ADA, 42 U.S.C. § 12115, which incorporates by reference Title VII, 42 U.S.C. § 2000e-10(a).

H.  Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in

accordance with the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Title VII, 42 U.S.C. § 2000e-8(c) as well as all records in accordance with 29 C.F>R. 1602.14.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel
No Bar No. Assigned

**Rudy L. Sustaita**
Regional Attorney

**Kathy D. Boutchee**
Supervisory Trial Attorney

/s/ Claudia M. Molina-Antanaitis
**Claudia M. Molina-Antanaitis**
Trial Attorney
Maryland Bar No. 0212180252
U.S. Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
Phone: (346) 327-7711
Fax: (713) 651-7995
claudia.molina@eeoc.gov

**COUNSEL FOR U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**REGISTERED AGENT FOR SERVICE OF PROCESS:**
CT Corporation System,
1999 Bryan Street, Suite 900,
Dallas, Texas 75201-3136.