**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 1:21-cv-00493** |
| | § | **JUDGE MICHAEL J. TRUNCALE** |
| **vs.** | § | |
| | § | |
| **LION ELASTOMERS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**CONSENT DECREE**</u>

Plaintiff U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") and Defendant Lion Elastomers LLC ("Defendant" or "Lion Elastomers") made and entered into this Consent Decree which settles the claims of Plaintiff in the above-referenced Civil Action No. 1:21-cv-00493.

EEOC initiated this suit under Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Allen Duhon ("Mr. Duhon") and similarly situated aggrieved individuals. The EEOC's complaint alleges that Defendant violated the ADA by denying employment to Mr. Duhon and other qualified job applicants because it regarded them as disabled pursuant to an exclusionary "class V back" policy. EEOC further alleges that Defendant violated EEOC record-keeping regulation, 29 C.F.R. 1602.14, by failing to retain personnel records, including application forms, and other records relating to the hiring and termination of conditionally hired applicants.

Lion Elastomers denies the EEOC's allegations in their entirety. In its Answer to the complaint, Defendant denies that it maintained an unlawful exclusionary policy, that it regarded

1

Mr. Duhon and other applicants as disabled, and that it violated 29 C.F.R. 1602.14 by failing to retain personnel records, including the records pertaining to applicants like Mr. Duhon whose conditional employment offers were rescinded.  Lion Elastomers also denies the propriety of injunctive relief because Lion Elastomers ended use of the complained-of "class V back" policy in 2018, with no intention to reinstate.

In the interest of avoiding the costs and burdens of continued litigation and after engaging in negotiations, the parties agree to compromise and settle their dispute through the entry of this Consent Decree.

The parties stipulate that this Court has jurisdiction over the parties and the subject matter of this action, and that venue is proper. Prior to filing this lawsuit, in accordance with administrative obligations under Title VII of the Civil Rights Act of 1964, EEOC investigated the underlying charge of discrimination and issued a determination concluding that the investigation revealed potential unlawful employment actions. EEOC and Lion Elastomers also attempted to resolve the matter through informal conciliation efforts.

EEOC and Defendant agree that this Consent Decree constitutes the parties' complete understanding of the terms of settlement discussed herein.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, and having examined the terms and conditions of this Consent Decree, which the Court determines are reasonable, just, and lawful, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1. This Consent Decree is entered in full and complete settlement of all claims arising out of or asserted in Charge of Discrimination No. 460-2018-0131 and/or in the instant Civil Action No. 1:21-cv-00493, including the claims for relief for the similarly situated individuals

whom the EEOC has alleged in this lawsuit to have been unlawfully regarded by Lion Elastomers as disabled under the ADA.

2.      This Consent Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any charges or claims arising from any other charge of discrimination against Lion Elastomers.

3.      This Consent Decree in no way prevents or limits Lion Elastomers from investigating, defending, or litigating any charges or claims arising from any other charge of discrimination against Lion Elastomers.

4.      The entry of this Consent Decree will serve the purposes of the ADA and will be in the best interest of the parties, the Claimants, and the public.

5.      In the event of the sale or other transfer of ownership of Lion Elastomers' Port Neches facility, this Consent Decree shall continue to apply to the plant's purchaser or successor in interest for the duration of the Decree's term.

## DEFINITIONS

6.      The following definitions apply herein:

   a.   "**Lion Elastomers**" means and refers to Defendant, Lion Elastomers, LLC, or any purchaser of or other successor in interest to Lion Elastomers' Port Neches facility.

   b.   "**EEOC**" means Plaintiff, U.S. Equal Employment Opportunity Commission, an agency of the United States charged with the administration, interpretation, and enforcement of the ADA.

   c.   "**Parties**" mean the EEOC and Lion Elastomers.

d.  "**Mr. Duhon**" means Allen Duhon, the charging party, who filed the charge of discrimination on which this lawsuit is based and who is a Claimant (as defined below) on whose behalf the EEOC has filed suit and seeks monetary relief.

e.  **"Claimant"** or "**Claimants**" mean the individuals, including Mr. Duhon, on whose behalf the EEOC has filed suit and seeks monetary relief, and who the EEOC contends were subject to Defendant's "class V back" policy and thus denied employment because Defendant allegedly regarded them as disabled in violation of the ADA.

f.  "**The charge**" or "**the charge of discrimination**" mean Mr. Duhon's charge of discrimination No. 460-2018-0131, signed on October 18, 2017, and filed with the EEOC on October 23, 2017.

g.  "**Port Neches facility**" means the manufacturing facility located at 1615 Main Street, Port Neches, TX 77651.

h.  "**Days**" means business – not calendar – days, meaning Monday through Friday but excluding federal holidays. To timely complete an action required or permitted by this Consent Decree within a period defined by days, a party must complete such action by 5 p.m. central of the last business day of the period; actions, including communications, made after 5 p.m. central on the last business day of the period are deemed performed the next business day.

i.  "**Effective date**" or "**date of entry**" mean the date the Court enters this Decree.

j.  "**Court**" refers to the United States District Court for the Eastern District of Texas (Beaumont Division).

k.  "**Consent Decree**" or "**Decree**" mean this Order.

l. "**Liaison**" means the representative appointed by Lion Elastomers under this Decree to act on its behalf and with its authority with respect to the terms of this Decree. This definition includes any replacement liaison that Defendant may from time-to-time designate pursuant to Paragraphs 32-33 below.

## DURATION OF DECREE

7.      This Decree will remain in effect for a period of 30 months from the date of entry.

## PROHIBITIONS

8.      <u>Injunction Prohibiting Disability Discrimination.</u>  Defendant is enjoined from engaging in any practice in violation of the ADA that discriminates against applicants or employees on the basis of disability.  Defendant shall not exclude an applicant from employment based on hiring criteria that screen out or tend to screen out individuals because of a perceived physical impairment or condition that is believed to pose a potential for injury in the future without first determining the duration of risk of injury, the severity of the potential harm, the likelihood that the potential harm will occur, the imminence of the potential harm, and whether any significant risk of substantial harm to the individual can be reduced or eliminated through reasonable accommodation of a known or disclosed disability.

9.      <u>Injunction Prohibiting Retaliation.</u> Defendant is enjoined from retaliating against any applicant or employee who (1) has filed any charge of discrimination with the EEOC; (2) has participated or participates in this or any other investigation or litigation by the EEOC; (3) has assisted or assists with this or any other investigation or litigation by the EEOC; (4) has sought or seeks monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC; (5) has received or receives monetary or nonmonetary relief as a result of this or any investigation or litigation by the EEOC, or (6) has engaged in protected activity under the ADA.

## MONETARY RELIEF

10.     <u>Settlement Amount</u>. Defendant shall pay a total gross amount of **ONE HUNDRED SEVENTY-FIVE THOUSAND dollars and 00/100** ($175,000.00) ("Settlement Amount") to the Claimants in amounts determined by the EEOC in the manner described below.  Defendant acknowledges that the total Settlement Amount, including the portions designated by EEOC to be allocated to Claimants, are debts owed to and collectible by the United States if not paid out to the Claimants by Defendant in the manner provided by this Decree.

11.     <u>EEOC's Discretion to Determine Payment Amounts</u>.  The EEOC has unilateral discretion to decide the allocation and/or reallocation of the Settlement Amount among the Claimants. The EEOC also has sole discretion to determine the individual backpay and compensatory damages amounts that Defendant is to pay to each Claimant.

12.     <u>Distribution List, W-4s, and Release of Claims</u>.  Within twenty-five (25) business days of the effective date of this Decree, the EEOC shall provide counsel for Defendant:

> a.   A Distribution List stating: (i) the amount each Claimant is to be paid in backpay, which requires tax withholding, and in compensatory damages, for which no tax withholding is required; and (ii) the addresses to which Defendant is to mail the payments. Because the claims resolved by this settlement concern no injuries requiring medical care, the payments to Claimants are not subject to reporting under the Medicare Secondary Payer Act.

> b.   Completed IRS Forms W-4 for each Claimant (for purposes of taxpayer identification so that Defendant may, for each Claimant: (i) withhold payroll taxes from any individual backpay amount determined by the EEOC and (ii) report the wages paid for the 2023 tax year via an IRS Form W-2);

    c.  Completed IRS Forms W-9 (https://www.irs.gov/pub/irs-pdf/fw9.pdf) for each Claimant (for purposes of (i) complying with financial accounting standards and internal controls for issuance of nonwage payments and (ii) reporting each nonwage payment to a Claimant for the 2023 tax year via IRS Form 1099);

    d.  Releases executed by each Claimant.  The template for the Release is attached hereto as Exhibit A.

13.    <u>Distribution of Payments</u>.  Within ten (10) business days of Defendant's receipt of the Distribution List, the W-4s, the W-9s, and the signed Releases, and in accordance with the information provided on the Distribution List, Defendant shall issue each Claimant a wage (backpay) check and a nonwage (compensatory damages) check.  Defendant shall send the checks with an itemized withholding statement to the Claimants via certified, U.S. mail, or via trackable courier, at Defendant's election.

14.    <u>Payments. Tax Withholding</u>. Defendant must withhold payroll taxes from the portion of each payment made to a Claimant that consists of backpay (wages).  Defendant may not withhold taxes from the portion of the payment that consists of compensatory (non-wage) damages.  Whether a payment to a Claimant consists of backpay or compensatory damages shall be determined by the EEOC and shall be included in the information provided on the Distribution List.

15.    <u>Tax Documents</u>.  No later than January 31, 2024, Defendant shall issue and mail to each Claimant at the address provided in the Distribution List, unless the EEOC notifies Defendant's Liaison of an address change, an IRS Form W-2 for the portion of the payment constituting backpay (wages) and an IRS Form 1099 for the portion of the payment that comprises compensatory (non-wage) damages from which no withholding is made.

16.   <u>Reporting Payments to the EEOC</u>.  Within fifteen (15) business days from the receipt of the Distribution List – that is, within five (5) business days following the date Defendant mails the checks and withholding statements to the Claimants – Defendant must, in the manner specified in Paragraph 34, send the EEOC:

   a.  A copy of each check issued under this Decree with its accompanying withholding statement, and

   b.  A copy of the certified mail tracking information, or the alternate trackable courier information, for each set of checks to a Claimant.

**POLICIES AND PROCEDURES**

17.   <u>Revision of EEO Policy</u>. Within fifty (50) business days of the effective date of this Decree, Defendant shall revise the antidiscrimination or Equal Employment Opportunity (EEO) policy that applies to the Port Neches facility as it pertains to disability discrimination. Before implementing the revisions, Defendant will provide the proposed revisions to the EEOC for its review in accordance with Paragraph 18 below.  At minimum, Defendant's revised policy must include the following criteria:

   a.  A definition of "disability" under the ADA, with examples, including an example of being "regarded as" disabled;

   b.  The prohibition of any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any applicant or employee in violation of the ADA;

   c.  A provision stating that applicants and employees are entitled to reasonable accommodation under the ADA, and that Defendant will engage in an interactive process for any known disability or if an applicant or employee requests an accommodation;

8

d.  A provision describing how an applicant or employee may complain of disability discrimination or retaliation to a managerial or human resources employee;

e.  A provision describing the confidentiality that attaches to a complaint of disability discrimination or retaliation;

f.  A provision stating that human resources will conduct a prompt investigation into any complaint of disability discrimination or retaliation and will promptly communicate to the complaining party the process; and

g.  A provision describing potential consequences of violating Lion Elastomers' policy prohibiting disability discrimination or retaliation.

18.  <u>EEOC's Review of Revised Policy</u>.  Within fifty (50) business days of entry of this Decree, Defendant must provide EEOC, in the manner specified in Paragraph 34, the revised policy for the Port Neches facility for EEOC's review.  Within ten (10) business days from EEOC's receipt of the proposed policy, EEOC will provide Lion Elastomers any comments, revisions, and proposed alternative language it may have.

19.  <u>Implementation and Distribution</u>.  Within ten (10) business days from receipt of EEOC's comments, Defendant shall discuss EEOC's proposed changes with EEOC's counsel. The parties shall reach agreement on revisions that comply with federal law. Once the revisions are satisfactory to both parties, Defendant will implement the revised policy by distributing it to all the Port Neches facility employees via the company's intranet.

20.  <u>Reporting Implementation and Distribution of Final Revised Policy to EEOC</u>. Within ten (10) business days from the date it implements and distributes the revised policy to employees, Defendant's Liaison must provide EEOC, in the manner specified in Paragraph 34, a declaration that:

a. Affirms the date and manner Defendant distributed the revised policy to employees;

b. Affirms that the new policy is maintained with similar employee policies on Lion Elastomers' intranet; and

c. Contains as an attachment a copy of the revised policy as officially distributed by Defendant.

## TRAINING

21.    <u>Annual Training for Managers and Human Resources Personnel</u>. While the Consent Decree is in effect, Defendant shall provide annual, in-person training of at least two-hours in length to its managers and human resources personnel at the Port Neches facility who are involved in recruiting and hiring.  The first of these training sessions will take place within seventy-five (75) business days of the entry of this Decree.  Each subsequent training will occur at least twenty (20) business days before each anniversary of the entry of the Decree.  Attendance of each training is mandatory. All attendees must sign a sign-in registry that contains their printed name and job title.

22.    <u>Contents of Training</u>. Each training must include role-playing exercises and handouts for the participants and must inform managers and human resources personnel at the Port Neches facility of the requirements and prohibitions of the various antidiscrimination laws and regulations enforced by the EEOC, with emphasis on the ADA and Defendant's procedures for reporting, investigating, and documenting discrimination complaints.  Specifically, each training must include, but is not limited to, the following:

a. Explanations of what constitutes "disability" under the ADA;

b. Examples of disability-based discrimination;

c. The rights of employees and applicants under the ADA;

    d.   The responsibilities of an employer under the ADA;

    e.   Procedures for reporting discrimination;

    f.   Procedures for investigating and resolving a complaint of discrimination and for informing the complaining party about the results of the investigation; and

    g.   Discussion of the ADA's prohibition of discrimination in hiring which shall include:  How the ADA prohibits any act, policy, or practice that denies an applicant employment based on hiring criteria that screens out or tends to screen out qualified individuals because the applicant has an actual disability, a record of disability, or is regarded as having a physical or mental impairment that is believed to pose a potential for injury in the future; that the ADA requires an individualized assessment to determine the duration of any risk of injury, the severity of any potential harm, the likelihood that any such potential harm will occur, the imminence of such potential harm, and whether any significant risk of substantial harm to the individual can be reduced or eliminated through reasonable accommodation of a known or disclosed disability.

23.    <u>Trainer Qualifications</u>.  Each training must be conducted by either an attorney with at least five years of experience in federal employment discrimination law or a subject-matter expert with at least five years of experience providing training to companies on the ADA and other EEO laws enforced by EEOC.

24.    <u>EEOC Review of Trainer Bio and Training Materials</u>.  At least sixty (60) business days before each training session, Defendant must provide EEOC, in the manner specified in Paragraph 34, the following information for its approval:

    a.   The name, telephone number, email address, and resume or CV of the proposed trainer;

    b.   The outline for the training that contains, but is not limited to, the topics listed in Paragraph 22(a)-(g) above; and

    c.   The materials that are to be distributed at the training session.

EEOC may object to the trainer, the training outline, or the training materials within fifteen (15) days of receipt of the information. If EEOC objects, Defendant must provide EEOC within fifteen (15) days of its receipt of the objection notice the contact information and resume/CV of a new trainer, a new training outline, and/or new training materials, as necessary.  EEOC will have another fifteen (15) days to review the information until approval.

    25.    <u>Reporting Each Training to EEOC</u>.  Within ten (10) business days from the date of completion of each training session, Defendant must provide EEOC, as specified in Paragraph 34 below, the following:

    a.   The sign-in registry for the training session containing the printed name, job title, and signature of each attendee; and

    b.   A declaration by Lion Elastomers' Liaison affirming: (i) the date the training took place; (ii) the time the training session started and ended; (iii) the identity of the trainer, and (iv) that the training materials and all the topics listed on the training outline that were previously approved by EEOC were presented to the attendees at the training.

## NOTICE OF NONDISCRIMINATION

    26.    <u>Posting of Notice</u>.  Within ten (10) business days of the entry of this Decree, Defendant will post a copy of the Notice attached hereto as Exhibit B on one or more conspicuous bulletin boards that are easily and regularly accessible to all Port Neches facility employees.  The

Notice must be printed on at least 11x14 size paper, and it must be laminated. Defendant will ensure that the Notice remains posted for the duration of this Decree and that it is not altered, defaced, obstructed, or moved from its conspicuous location.

27.     <u>Reporting the Posted Notice to EEOC</u>.  On the date that Defendant posts the Notice, it must provide EEOC, as specified in Paragraph 34, a time-stamped photograph of the posted Notice.

**DOCUMENTING AND REPORTING COMPLAINTS OF DISABILITY DISCRIMINATION TO EEOC**

28.     <u>Documenting Complaints of Disability Discrimination</u>.  For the duration of this Decree, Defendant must maintain all documents relating to internal and external complaints and investigations of disability discrimination made by or against a Port Neches facility employee.  Defendant also must retain hiring, personnel, and payroll documents pertaining to the complaining parties, the witnesses, and the alleged discriminators.

29.     <u>Reporting Complaints of Disability Discrimination to EEOC</u>.  Within 180 days from the date of entry of this Decree and continuing every six (6) months thereafter, Defendant's Liaison will provide to EEOC, as specified in Paragraph 34, a report on all disability discrimination complaints made by or against a Port Neches facility employee and the corresponding investigations.  The report must include the following information:

   a.   The name, job title, home address, telephone numbers, and email addresses of the complaining party;

   b.   A summary of the allegations raised in the complaint, including the date of the complaint, the date of the alleged incident(s), and the full name and job title of the alleged discriminator;

c.   The specific action Defendant has taken to investigate and address the complaint and the outcome of the complaint; and

d.   If Defendant has taken no action during the reporting period, an explanation as to why no action was taken.

## RECORD-KEEPING

30.     Defendant must comply with the record-keeping and reporting requirements of the ADA and its implementing regulations, including any requirements to make, keep, preserve, and/or retain job applications, application materials, conditional job offers, pre-employment medical examination results, and other hiring records. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute a waiver or obviation of the record-keeping and reporting requirements imposed by law.

31.     Throughout the term of this Decree, Defendant must preserve and maintain all materials, electronic or otherwise, that may be relevant to this action and this Consent Decree.

## LIAISON

32.     Designation of Liaison. Within ten (10) business days of the entry of this Decree, Defendant shall designate a person to act as Defendant's Liaison to ensure that Defendant complies with the terms and conditions of this Decree. Any act or failure to act by the Liaison shall be attributable to Defendant.  As set forth in Paragraph 34 below, the Liaison is to timely report Defendant's compliance obligations under Paragraphs 16, 18, 20, 24, 25, 27, 29, 33, 39, and 40. The Liaison is also to receive all notices from the EEOC to Defendant required under this Decree, including any notices of noncompliance pursuant to Paragraph 37 below. Within fifteen (15) days of the removal, resignation, or incapacitation of the Liaison, Defendant shall designate a replacement liaison.

33.    <u>Manner of Designation</u>.  Defendant must designate the Liaison by providing EEOC no later than ten (10) business days of the entry of this Decree, a declaration signed by the Liaison that states: (a) the Liaison's name, job title, mailing address, email address, and telephone number; (b)  that the Liaison understands they are responsible for ensuring Lion Elastomers' compliance with the terms of this Decree and with its reporting obligations under Paragraphs 16,  18, 20, 24, 25, 27, 29, 33, 39, and 40; (c) that the Liaison is authorized to act on Lion Elastomers' behalf with regard to the Decree, and (d) that any failure to meet reporting requirements by the Liaison will be attributable to Lion Elastomers.

## COMMUNICATION WITH EEOC

34.    Defendant must transmit, through its Liaison, all reports, declarations, notifications, and other communications required under this Consent Decree to EEOC by email to each individual listed below no later than 5:00 pm CST of the last business day of the period actions are to be performed:

   a.  Claudia Molina-Antanaitis at claudia.molina@eeoc.gov;

   b.  Kathy Boutchee at kathy.boutchee@eeoc.gov; and

   c.  LaShea Williams at lashea.williams@eeoc.gov.

35.    The EEOC may, from time to time, add or remove contact persons/addresses from this list.  EEOC shall notify Defendant's Liaison in writing by email of any such change.

## JURISDICTION AND ENFORCEMENT

36.    <u>Jurisdiction</u>. The U.S. District Court for the Eastern District of Texas will retain jurisdiction to resolve any disputes arising under this Decree.

37.    <u>Enforcement</u>.  If Defendant fails to materially comply with any provision of this Decree, EEOC shall notify Defendant's Liaison via email and via certified mail or overnight courier of the breach, shall provide the facts that support the claim of such breach, and shall provide

Defendant fifteen (15) business days from the date of Defendant's receipt of the mailed/couriered notice to cure the noncompliance.  If Defendant does not timely cure the alleged breach, the EEOC may seek enforcement relief from the Court.

## EEOC'S REPORTING REQUIREMENTS TO THE IRS

38.     EEOC is required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. EEOC will provide Defendant with a copy of IRS Form 1098-F that Defendant will then provide to the IRS. EEOC makes no representation whether the Settlement Amount paid under this Consent Decree qualifies for the deduction under the Internal Revenue Code. The provision of IRS Form 1098-F to Defendant by EEOC does not mean the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC. The parties are not acting in reliance on any representations made by EEOC regarding whether the Settlement Amounts that Defendant pays the Claimants under this Consent Decree qualify for a deduction under the Internal Revenue Code.

39.     So that the EEOC comply with its reporting requirements to the IRS, within ten (10) business days of the entry of this Decree, Defendant's Liaison shall provide EEOC, as specified in Paragraph 34, the following information:

    a.  Defendant's EIN and

    b.  The physical address where EEOC is to mail a blank copy of IRS Form 1098-F for Defendant to complete.

## MISCELLANEOUS PROVISIONS

40.    <u>Successors-In-Interest</u>.  This Consent Decree is binding on Defendant and, in the event of a sale or transfer of ownership of the Port Neches facility, on the purchaser or new owner.  Before any sale or transfer becomes effective, Defendant shall provide the entity or person(s) who plan to acquire the Port Neches facility written notice of the EEOC's lawsuit along with a copy of this Decree and the EEOC's Complaint. Defendant's Liaison shall then notify the EEOC of the sale or transfer of ownership of the Port Neches facility as set forth in Paragraph 34 above.

41.    <u>Costs Borne by Each Party</u>.  Each party to this Decree shall bear its own attorneys' fees and costs associated with this civil action and this Decree.

42.    <u>Severability/Meet and Confer</u>.  If any provision of the Decree is found to be unlawful or unenforceable, such provision shall be severed and the rest of the Decree shall remain in effect.  The parties shall meet and confer in good faith to decide whether and/or how such a provision will be amended to effectuate its purpose.

43.    <u>No Implied Waiver</u>.  EEOC's failure to timely exercise a right or timely perform an obligation under this Decree shall not operate as a waiver by EEOC of any future timely exercise of such right or timely performance of such obligation.

44.    <u>Execution</u>.  Each signatory to this Decree represents that he or she is authorized to execute this Decree and to bind the party on whose behalf he or she signs.  By signing this Decree, each party acknowledges that it has read and understands the terms of this Decree and agrees to be bound.

**IT IS SO ORDERED.**

**SIGNED this 7th day of July, 2023.**

_____
Michael J. Truncale
United States District Judge

17

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT** | § | |
| **OPPORTUNITY COMMISSION,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 1:21-cv-00493** |
| | § | |
| **vs.** | § | **HON. MICHAEL J. TRUNCALE** |
| | § | |
| **LION ELASTOMERS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

# RELEASE OF CLAIMS

In consideration for the gross sum of _____ and 00/100 dollars, less required withholding for the allocation of the sum representing back pay, to be paid by Lion Elastomers, LLC in connection with the resolution of EEOC v. Lion Elastomers, LLC, Civil Action No. 1:21-cv-00493, in the United States District Court for the Eastern District of Texas, I waive my right to recover for any claim of hiring discrimination on the basis of disability arising under Title I of the Americans with Disabilities Act of 1990, as amended, that I had or may have had against Lion Elastomers, LLC as of the date I sign this release, and that were included in the claims alleged in the EEOC's complaint in EEOC v. Lion Elastomers, LLC, Civil Action No. 1:21-cv-00493.


Date: _____

Signature: _____

Printed Name: _____

**EXHIBIT B**

## NOTICE TO WORKERS
## PURSUANT TO CONSENT DECREE
## FILED IN U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

1. Federal law requires that there be no workplace discrimination on the basis of disability. Federal law also requires that there be no retaliation against any person because the person has opposed unlawful discrimination, filed a charge of discrimination, or testified or participated in any way in an investigation, proceeding, or hearing on alleged discrimination.

2. Lion Elastomers LLC will comply with Federal law in all respects and ensure that its workplace is free of all forms of disability discrimination in hiring and throughout a worker's employment.

3. Any worker who believes they have been the target of unlawful discrimination or retaliation is encouraged to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) through its website at www.eeoc.gov or, for more information, visit the EEOC's Houston District office located at 1919 Smith Street, 7th Floor, Houston, Texas 77002.

SIGNED this _____ day of _____, 2023.


_____
[Printed Name and Title]
on behalf of Lion Elastomers, LLC


This NOTICE shall be posted for thirty months from the date of signing.